NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3807
_____

APU CHANDRA DEBNATH,
                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                          Respondent
_____

On Petition for Review from the Board of Immigration Appeals
Agency No. A209-953-809
Immigration Judge: Honorable John B. Carle
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 24, 2018

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*.

(Filed: November 9, 2018)
_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Apu Chandra Debnath, a citizen of Bangladesh, petitions for review of a decision of the Board of Immigration Appeals, which affirmed and adopted the Immigration Judge's decision denying his application for asylum based on religious persecution. Because substantial evidence supports the IJ's finding that Debnath was not persecuted in Bangladesh, we will deny the petition.

I.

Debnath practiced Hinduism in Bangladesh, a country that is predominantly Muslim and that has designated Islam as its state religion. He encouraged other residents in his town of Noakhali to "worship our God" and attend Hindu community programs. This activity led some members of the Bangladesh Islamic Organization to both threaten and attack him.

On three occasions between June 2014 and April 2015, members of the Noakhali Bangladesh Islamic Organization demanded that Debnath convert to Islam or leave the country. Organization members threatened that, if he did not comply, they would behead him. When conveying at least one of these threats, a member held a knife to Debnath's throat.

After a two-month period without any threats or reprisals, several Organization members attacked Debnath at a Hindu festival in Noakhali. Ten members told him that

2

he could not practice Hinduism in Bangladesh, and then three members hit him in the forehead with metal-topped wooden sticks.  After the attack, a doctor gave Debnath four stitches and various medications.

Debnath attended another Hindu festival in February 2016 and was attacked again by the same members of the Bangladesh Islamic Organization.  They repeated that he needed to convert to Islam or leave Bangladesh and stabbed him in his legs, causing him to return to the same doctor and receive more stitches.  Although Debnath left Noakhali and traveled to his uncle's house in a town 80 miles away, he remained a target of the Organization.  Some of its members obtained his cell-phone number and called him, telling him not to return home and that "[w]herever you go, our organization will find you."

Debnath's father decided that his son should leave Bangladesh and try to live with another uncle in the United States.  Debnath journeyed to the United States but was detained and charged with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for lacking a "valid entry document."  He conceded removability but applied for asylum based on religious persecution.[1]

---

[1] Debnath also applied for withholding of removal, protection under the Convention Against Torture, and asylum based on membership in a particular social group, but on appeal he has abandoned any arguments that he is entitled to these forms of relief.

At a hearing before an IJ, Debnath described the Bangladesh Islamic Organization's attacks and threats as well as his belief that he would be killed by this group if he returned to Bangladesh, regardless of where he lived.

The IJ found Debnath credible but denied his asylum application. The IJ decided that the attacks and threats Debnath experienced were too "isolated" and insufficiently severe to establish that he had been persecuted and that he failed to show that he had a well-founded fear of future persecution. The Board of Immigration Appeals affirmed and adopted the IJ's decision.

## II.

We have jurisdiction under 8 U.S.C. §1252(a)(1) to review the Board's decision. *Shehu v. Att'y Gen. of U.S.*, 482 F.3d 652, 656 (3d Cir. 2007). The Board, having jurisdiction pursuant to 8 C.F.R. § 1003.1(b)(3), adopted the IJ's decision without providing additional analysis of Debnath's asylum application, so we review that decision in addition to the Board's. *See Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002); *Abdulai v. Ashcroft*, 239 F.3d 542, 548–49 & n.2 (3d Cir. 2001). We review for substantial evidence the IJ's factual findings regarding whether Debnath suffered past persecution or has a well-founded fear of future persecution. *See Gao*, 299 F.3d at 272.

## III.

On appeal, Debnath argues that the IJ erred by concluding that the attacks he suffered constituted mere "isolated incidents" of violence and not past persecution. He

4

asserts that the attacks were not isolated because the same members of the Bangladesh Islamic Organization perpetrated the two attacks for the same purpose—to punish him for practicing Hinduism. He adds that the IJ further erred by failing to consider the threats and violence he experienced in aggregate and by minimizing the seriousness of these attacks and threats.

Regardless of how the link between the two attacks is characterized, the IJ permissibly decided that they were insufficiently serious to qualify as persecution. "[P]ersecution denotes extreme conduct." *Voci v. Gonzales*, 409 F.3d 607, 614 (3d Cir. 2005) (internal quotation marks and citation omitted). Here, the attacks did not rise to this high bar because Debnath was attacked only twice and his injuries required that he receive just several stiches. *See Kibinda v. Att'y Gen. of U.S.*, 477 F.3d 113, 117, 119–20 (3d Cir. 2007) (upholding finding that petitioner did not suffer past persecution by getting struck in face by "heavy object" and requiring seven stitches); *cf. Voci*, 409 F.3d at 610, 614 (ruling that the Board erred in determining that applicant had not been persecuted despite being beaten at least seven times and sustaining injuries requiring "extended hospitalization"). Moreover the IJ *did* assess in combination the threats and attacks, ruling that "the two physical attacks … and threats … are insufficient to establish persecution." As a final matter, the IJ did not diminish the death threats made against Debnath but reasonably decided that they were not "so menacing as to cause significant actual suffering or harm." *See Chavarria v. Gonzalez*, 446 F.3d 508, 518 (3d Cir. 2006)

(internal quotation marks and citation omitted); *Ladyha v. Holder*, 588 F.3d 574, 577 (8th Cir. 2009) (upholding finding that petitioner "threatened at knifepoint" was not persecuted); *Datau v. Mukasey*, 540 F.3d 37, 40–41 (1st Cir. 2008) (upholding finding that death threat at knifepoint did not show persecution).[2]

Debnath next contends that because the IJ found his testimony credible, the IJ should have accepted his assertion that the attacks were "severe," which, he suggests, would compel the conclusion that he had been persecuted. But "[t]he fact that, as here, a petitioner's testimony is deemed credible is not determinative" because this fact does not mean that the attacks and threats met the threshold of extreme conduct. *Shardar v. Ashcroft*, 382 F.3d 318, 323 (3d Cir. 2004). Debnath also argues that the IJ erred by not identifying the corroborating evidence that he needed to bolster his testimony and thereby meet his burden to obtain relief. Yet the IJ did not rely on a lack of corroborating evidence in denying relief (in fact, the IJ credited Debnath's testimony in its entirety), so he had no obligation to inform Debnath of missing corroborating evidence. *See Voci*, 409 F.3d at 616–17.

IV.

---

[2] Because we conclude that the IJ permissibly decided that Debnath has not suffered past persecution, we need not reach his arguments that the IJ erred in finding that police in Noakhali were willing and able to control his attackers and that he is entitled to the presumption, based on his past persecution, that he had a well-founded fear of future persecution.

For the reasons discussed above, we will deny the petition for review.

*Apu Debnath v. Attorney General of the United States*, No. 17-3807

RESTREPO, *Circuit Judge*, concurring in the judgment.

I concur in the judgment of the majority denying the petition for review. However, in my view, Debnath's petition fails not because the threats and violence he was subjected to are insufficiently serious or isolated in nature. Rather, I would reach the same result upon a conclusion that Debnath "has not demonstrated that his past harm and fears of future harm was or will be inflicted by the government of Bangladesh or by a non-governmental actor that the government is unwilling or unable to control." A.R. 3 (BIA decision); *see also* A.R. 63 (IJ decision) ("Even if a reviewing Court were to find Respondent's past experiences in Bangladesh rise to a level of past persecution, Respondent has not persuaded this Court that the government of Bangladesh is unable or unwilling to control the individuals who harmed Respondent."); *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002); *Kibinda v. Att'y Gen. of U.S.*, 477 F.3d 113, 119 (3d Cir. 2007).